**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

FILED

2014 APR -3  AM 9: 28

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY____  ⏛

EDWARD BANKS,

**Plaintiff,**

-vs-                                                    **Case No.  A-13-CA-426-SS**

BANK OF AMERICA, N.A.; DHI MORTGAGE
COMPANY, LTD. f/k/a CH Mortgage Company
I, Ltd.; and JUANITA STRICKLAND,
                              **Defendants.**

---

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Bank of America, N.A.'s Motion for Summary Judgment [#41], Plaintiff Edward Banks's Unopposed Motion for Extension of Time to Amend Response [#47],[1] Banks's Second Amended Response [#47-1], and Bank of America's Reply [#48]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders GRANTING the motion for summary judgment.

### Background

This is a lawsuit challenging Bank of America's foreclosure of the property located at 1601 Verbena Way, Round Rock, Texas 78664. Plaintiff Edward Banks purchased the property in 2002, executing a Note and Deed of Trust in favor of the original lender, DHI Mortgage Company, Ltd., f/k/a CH Mortgage Company I, Ltd. The summary judgment record establishes CH Mortgage specially endorsed the Note to Countrywide Home Loans, Inc., which in turn specially endorsed the

---

[1] The unopposed motion [#47] is GRANTED.

Note to Countrywide Home Loans Servicing, L.P. (Countrywide Servicing). Countrywide Servicing specially endorsed the Note back to Countrywide Home Loans, which subsequently endorsed the Note in blank. Bank of America currently possesses the Note.

The Deed of Trust followed a similar path. Shortly after the loan was originated, CH Mortgage assigned the Deed of Trust to Countrywide Home Loans, which subsequently assigned the Deed of Trust to Countrywide Servicing. Countrywide Servicing eventually changed its name to BAC Home Loans Servicing, L.P., and has since merged with Bank of America.

Banks defaulted on the mortgage in 2005. Countrywide Servicing, and later BAC, sent Banks dozens of notices of default from 2005 through 2010. Banks failed to cure his default, and Bank of America ultimately referred the mortgage to Recontrust Company, N.A. to conduct a foreclosure sale. Bank of America purchased the property at a foreclosure sale on September 4, 2012.

Banks then filed this lawsuit in Texas state court. Bank of America removed the case to this Court on the basis of diversity jurisdiction. Banks's live pleading generally challenges Bank of America's authority to conduct the foreclosure sale on the theory Bank of America is not the holder of the Note, and alleges the following causes of action: (1) violations of Texas's fraudulent presentment statute; (2) quiet title; (3) breach of contract; and (4) declaratory judgment. The Court previously granted unopposed motions to dismiss all claims against DHI Mortgage Company and Juanita Strickland. Bank of America now moves for summary judgment.

## Analysis

### I.   Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and

that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the

entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II.    Application

### A.    Objections to Evidence

Before turning to the merits, the Court must address the parties' cross-objections to the summary judgment evidence. Specifically, Banks objects to one of Bank of America's business records affidavits and the documents attached to it, including the Note. Bank of America objects to Banks's submission of a letter from a law firm representing Bank of America.

Banks's objections are meritless. Banks alleges Bank of America's declaration from Shalini Doss Parker is "facially defective, and present[s] almost no evidence." 2d Am. Resp. [#47-1], at 15. But the Declaration plainly sets forth Ms. Parker's qualifications and the basis for her knowledge: her role as "AVP; Operations Team Manager" for Bank of America. Mot. Summ. J. [#41-1], Ex. A. The Declaration further provides the various attached records are in fact Bank of America's business records. *Id.* This is sufficient to show the attached records are within the business records exception to the hearsay rule.[2]

To the extent Banks challenges the authenticity of the attached copy of the Note, he offers nothing other than attorney argument and speculation to support his claims. As the Fifth Circuit has

---

[2] Banks also objects to "the Caroyn Holleman 'affidavit'" as defective, but the Court could find no such affidavit in the record, and Banks provides no citation.

explained, "[i]n Texas, existence of a note may be established by '[a] photocopy of the promissory note, attached to an affidavit in which the affiant swears that the photocopy is a true and correct copy of the original note.'" *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254 (5th Cir. 2013) (quoting *Blankenship v. Robins*, 899 S.W.2d 236, 238 (Tex. App.—Houston [14th Dist.] 1994, no writ)). That is precisely what Bank of America has provided in this case. Other federal courts have rejected similar challenges to Bank of America's business records affidavits on this basis. *See Silver Gryphon, L.L.C. v. Bank of Am. NA*, No. 4:13-CV-695, 2013 WL 6195484, at *3 (S.D. Tex. Nov. 27, 2013) ("Under Texas law, a note may be properly authenticated by producing a copy of it, and attaching it to an affidavit where the affiant avers that the copy is a true and correct copy of the original.").

By contrast, Bank of America's objection is well taken. Banks has attempted to introduce alternate copies of the Note, Deed of Trust, and payment history by submitting a letter Banks's attorney received from the law firm Blank Rome LLP in response to a defective "Qualified Written Request" (QWR) made by Banks's counsel pursuant to 12 U.S.C. § 2605. The letter includes an attached copy of the Note, Deed of Trust, and payment history. The letter itself does not purport to have been written under oath or subject to penalty of perjury. Banks includes no affidavit attesting to the accuracy of the documents attached to the letter, and the documents are not alleged to be self-authenticating. The documents therefore remain unauthenticated, and are not competent summary judgment evidence.

## B.    Merits

Banks's lawsuit hinges on two theories: (1) Bank of America lacked authority to foreclose because it was not the holder of the Note; and (2) Bank of America lacked authority to foreclose

because it was not the mortgage servicer at the time of the foreclosure. The undisputed summary judgment evidence establishes the opposite is true in each case.

Though the chain of title is lengthy, it is also undisputed. The record establishes the Note was endorsed to Countrywide Home Loans, then to Countrywide Servicing, then back to Countrywide Home Loans, then in blank. Bank of America now possesses the Note. Possession of a note endorsed in blank is sufficient to authorize the holder to collect on the note. *See Kiggundu v. Mortg. Elec. Registration Sys. Inc.*, 469 F. App'x 330, 331 (5th Cir. 2012) (unpublished) ("Because the note was endorsed in blank and the Bank of New York was in possession of the note, under Texas law, the Bank of New York was entitled to collect on it. *See* TEX. BUS. & COM. CODE §§ 1.201(b)(21), 3.204, 3.205."); *Temple v. Bank of Am., N.A.*, No. 4:12-CV-262, 2013 WL 6852372, at *5 (E.D. Tex. Dec. 30, 2013) ("In this case, because the Note was endorsed in blank and U.S. Bank was in possession of the Note, under Texas law, U.S. Bank was entitled to collect on it."); *see also Rodriguez v. Bank of Am., N.A.*, No. 2:13-CV-133, 2014 WL 309065, at *3 (S.D. Tex. Jan. 28, 2014) (granting motion for summary judgment where Bank of America proved possession of note endorsed in blank).

Banks argues Bank of America should be required to "prov[e] the transaction through which it acquired the note." *Nw. Nat'l Ins. Co. v. Crockett*, 857 S.W.2d 757, 758 (Tex. App.—Beaumont 1993, no writ). But *Crockett* and the similar cases Banks relies on do not address instruments endorsed in blank; they dealt instead with notes either not endorsed at all, or endorsed to different parties than those seeking to collect on them. *See id.* (notes not endorsed to Northwestern, who sued to collect on them); *Lawson v. Fin. Am. Private Brands, Inc.*, 537 S.W.2d 483, 485 (Tex. Civ. App.—El Paso 1976, no writ) (notes not endorsed to Finance Private Brands, who sued to collect on them). The Uniform Commercial Code provides a different rule when a note is endorsed in blank.

Specifically, a note endorsed in blank "becomes payable to bearer," full stop. TEX. BUS. & COM. CODE § 3.205; *see also id.* § 1.201(b)(21) (defining "holder" as "the person in possession of a negotiable instrument that is payable . . . to bearer"). Bank of America has established it is in possession of the Note, which is endorsed in blank, and possession is sufficient to entitle Bank of America to collect on the Note.

Similarly, there is no dispute Bank of America was the loan servicer at the time of foreclosure. Banks received dozens of notices of default from Countrywide Servicing and BAC (at the time, holders of the Deed of Trust, and therefore statutory mortgagees) directing him to make payments to Bank of America. Banks in fact made payments to Bank of America. Banks also drafted his own QWR to Bank of America, and expressly stated "Bank of America, NA is the servicer of our mortgage loan." Mot. Summ. J. [#41-11], Ex. A-10. Banks clearly thought Bank of America was his mortgage servicer because Bank of America was, in fact, his mortgage servicer. Alternatively, Bank of America does not need to show it was the mortgage servicer at the time of foreclosure, because it was also the mortgagee at the time of foreclosure by virtue of its merger with BAC, the last party to whom the Deed of Trust was assigned. *See* Tex. Prop. Code § 51.0001(4) (defining mortgagee as either "the grantee, beneficiary, owner, or holder of a security instrument," or "the last person to whom the security interest has been assigned of record").

All of Banks's individual causes of action are predicated on these two theories. Because the summary judgment record establishes Bank of America was the owner and holder of the Note, and the mortgagee, and the mortgage servicer at the time of the foreclosure, Banks cannot recover under any of his theories. For example, there is no evidence any fraudulent documents were made or presented because Bank of America had authority to make, use, and file the foreclosure documents.

Similarly, Bank of America's foreclosure actions did not breach the Deed of Trust. Even if they had, Banks is not entitled to recover on a breach of contract theory because it is undisputed he breached first, as long ago as 2005, by failing to make all timely payments as required. *See Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990) ("It is a well established rule that a party to a contract who is himself in default cannot maintain a suit for its breach." (internal quotation marks omitted)). Banks has not shown he, as a defaulting mortgagor, had superior title to the mortgagee holding the Note and Deed of Trust creating a lien on the property. Finally, Banks is not entitled to the declaratory relief he seeks because the summary judgment evidence establishes the foreclosure documents are valid.

## Conclusion

Banks has failed to show the existence of any genuine dispute as to any material fact, and Bank of America has shown itself entitled to judgment as a matter of law on all of Banks's claims for relief.

Accordingly,

IT IS ORDERED that Plaintiff Edward Banks's Unopposed Motion for Extension of Time to Amend Response [#47] is GRANTED;

IT IS FINALLY ORDERED that Defendant Bank of America, N.A.'s Motion for Summary Judgment [#41] is GRANTED.

SIGNED this the 2nd day of April 2014.

_Sam Sparks_
SAM SPARKS
UNITED STATES DISTRICT JUDGE